Richard A. Jones (SBN 117679)
Law Offices of Richard A. Jones
1820 E. 17th Street
Santa Ana, California 92705
Telephone: (714) 480-0200
Telecopier: 714-480-0423

Michael A. Gould, Esq.  (SBN 151851)
Aarin A. Zeif (SBN 247088)
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, Suite 106
Tustin, California 92780
Telephone:  (714) 669-2850
Facsimile:  (714) 544-0800

Attorneys for Plaintiff,
Jeffrey Johnson, individually, and on behalf of other members
of the general public similarly situated

# UNITED STATES DISTICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JOHNSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROKER SOLUTIONS, INC., and DOES 1 through 25,<br><br>Defendants. | **CASE NO. SACV13-733 JLS (RNBx)**<br><br>Honorable Judge Josephine L. Stanton<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: January 31, 2014**<br>**Time: 2:30 p.m.**<br>**Courtroom: 10A**<br><br>Complaint Filed: September 27, 2011 |

- i -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 31, 2014 at 2:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled Court, Plaintiff Jeffrey Johnson and Defendant Broker Solutions, Inc. will and hereby move for an order granting preliminary approval of the class-action settlement reached by the Parties.

This motion is based on the Notice, the Stipulation of Class Action Settlement and Release filed herewith, the supporting Memorandum of Points and Authorities, and the Declaration of Michael Gould, and accompanying Exhibits filed herewith, all documents filed in this action, the arguments of counsel, and any such other evidence as the Court may consider at the hearing of this Motion.

Dated: December 6, 2013          GOULD & ASSOCIATES

By:/s/ Michael A. Gould
MICHAEL A. GOULD
AARIN A. ZEIF
Attorneys for Plaintiff
Jeffery Johnson

- ii -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

## TABLE OF CONTENTS

(PAGES)

I.   **INTRODUCTION**     1

I.   **PROCEDURAL HISTORY OF THE CASE**     2

   A.   **PLAINTIFF'S ALLEGATIONS**     2

   B.   **PARTIES' INVESTIGATIONS AND INFORMAL DISCOVERY**     2

   C.   **SETTLEMENT OF CASE**     4

II.   **SETTLEMENT TERMS**     5

   A.   **SIZE OF THE CLASS**     5

   B.   **NATURE OF THE PAYMENT**     5

   C.   **THE RELEASE**     5

   D.   **ATTORNEY'S FEES AND INCENTIVE PAYMENTS**     5

   E.   **OBLIGATIONS OF THE CLASS MEMBERS**     6

   F.   **METHOD OF NOTICE**     6

   G.   **TAX CONSEQUENCES**     7

   H.   **OTHER CASES**     7

III.   **DISCUSSION**     7

   A.   **STANDARD OF REVIEW FOR CLASS ACTION SETTLEMENTS**     7

   B.   **THE SETTLEMENT IS FAIR AND REASONABLE BASED ON THE STRENGTH OF PLAINTIFF'S CASE AND THE RISKS AND COSTS OF FURTHER LITIGATION**     10

IV.   **THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR SETTLEMENT PURPOSES**     11

   A.   **THE SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(A)**     12

   B.   **THE PREREQUISITES OF RULE 23(B) ARE ALSO SATISFIED**     15

- iii -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

V.  **THE PROPOSED METHOD OF CLASS NOTICE IS
    APPROPRIATE**                                            **17**

VI.  **CONCLUSION**                                          **19**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CASES

(PAGES)

*Amchem Products, Inc. v. Windsor*

    (1997) 521 U.S. 591         18

*Ansari v. New York Univ.*

    (S.D.N.Y. 1998) 179 F.R.D. 112         12

*Air Line Stewards, etc., Loc. 550 v. American Airlines, Inc.*

    (7th Cir. 1972) 455 F.2d 101         11

*Browning v. Yahoo! Inc.*

    (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 34770         11

*Churchill Village, L.L.C. v. General Electric*

    (9th Cir. 2004) 361 F.3d 566         18

*Dirks v. Clayton Brokerage Co. of St. Louis, Inc.*

    (D. Minn. 1985) 105 F.R.D. 125         17

*Eisen v. Carlisle & Jacquelin*

    (1974) 417 U.S. 156         18

*Haley v. Medtronic, Inc.*

    (C.D. Cal. 1996) 169 F.R.D. 643         13

*In re Linerboard Antitrust Litigation*

    (E.D. Pa. 2003) 296 F.Supp.2d 568         8

*In re Wirebound Boxes Antitrust Lit.*

    (D. Minn. 1989) 128 F.R.D. 268         15

*Jordan v. County of Los Angeles*

    (9th Cir. 1982) 669 F.2d 1311         12

*Klay v. Humana, Inc.*

    (11th Cir. 2004) 382 F.3d 1241         16

- v -

*Kirkorian v. Borelli*
    (N.D. Cal. 1988) 695 F. Supp. 446                                         9
*Linder v. Thrify Oil, Co.*
    (2000) 23 Ca.4th 429, 435                                                 4
*Lockwood Motors Inc. v. General Motors Corp.*
    (D. Minn. 1995) 162 F.R.D. 569                                           16
*Mullane v. Central Hanover Bank & Trust Co.*
    (1950) 339 U.S. 306                                                      17
*Philadelphia Housing Auth. v. Am. Radiator & Standard Sanitary Corp.*
    (E.D. Pa. 1970) 323 F. Supp. 364                                          8
*Phillips Petroleum Co. v. Shutts*
    (1985) 472 U.S. 797                                                      17
*Pridd v. Edelman*
    (6th Cir. 1989). 883 F.2d 438                                            8
*Reed v. General Motors Corp.*
    (5th Cir. 1983) 703 F.2d 170                                             9
*Slaven v. BP Am., Inc.*
    (C.D. Cal. 2000) 190 F.R.D. 649                                         12
*Stanton v. Boeing, Inc.*
    (9th Cir. 2003) 327 F.3d 938                                            14
*Steinberg v. Carey*
    (S.D.N.Y. 1979) 470 F.Supp, 471                                          8
*Valentino v. Carter-Wallace, Inc.*
    (9th Cir. 1996) 97 F.3d 1227                                            17
*Wal-Mart Stores, Inc.  v. Dukes*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(2011) 131 S.Ct. 2541      4

*White v. Local 942*

(9th Cir. 1982) 688 F.2d 85      15

**Statutes**

California Labor Code § 204      1

California Labor Code § 221      1

California Labor Code § 226      1

California Labor Code § 510      1

California Labor Code § 1194      1

California Labor Code § 2802      1

California Business and Professions Code § 17200      1

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Broker Solutions, Inc. (herein after referred to as "Broker Solutions") is a mortgage lender based in Irvine, California. Plaintiff Jeffrey Johnson, a former loan officer employed by Broker Solutions, filed a class action Compliant on behalf of all current and former employees who worked for the Company in California.

The Amended Complaint, filed on May 3, 2013, alleges the following causes of action against Defendants: (1) failure to pay reimbursement under *California Labor Code* §§ 2802 and 221; (2) failure to pay overtime wages under *California Labor Code* § 510; (3) failure to provide itemized wage statement to employee under *California Labor Code* § 226; (4) failure to pay wages under *California Labor Code* § 204; (5) failure to pay minimum wage *California Labor Code* § 1194; (6) unfair business practices under *California Business and Professions Code* § 17200 *et al*.; and (7) failure to pay overtime under the Fair Labor Standards Act ("FLSA"). Defendants deny the allegations in the Amended Complaint.

After several months of reviewing records and negotiating, the Parties reached an agreement to settle all claims. Pursuant to the Stipulation of Class Action Settlement and Release, filed herewith, the Parties request that the Court consider and grant an Order under the following terms:

(a) Scheduling a final approval hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs, and the Class Representative service payment, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

(b) Certifying a settlement class for settlement purposes as described herein;

(c)     Approving the Proposed Notice of Pendency of Class Action and Proposed Settlement;

(d)     Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement by first class mail to the Class Members;

(e)     Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court;

## II.    PROCEDURAL HISTORY OF THE CASE

### A.    PLAINTIFF'S ALLEGATIONS

On September 27, 2011, Plaintiff filed a Class Action Complaint in this case alleging, that Defendant failed to pay reimbursement under *California Labor Code* § 2802 and 221, failed to pay overtime wages under *California Labor Code* § 510, failed to provide itemized wage statement to employee under *California Labor Code* § 226, failed to pay wages under *California Labor Code* § 204; (5) failed to pay minimum wage *California Labor Code* § 1194; and (6) unfair business practices under *California Business and Professions Code* § 17200 *et al*. On May 3, 2013, Plaintiff filed an amended Complaint and added an overtime claim under the Fair Labor Standards Act ("FLSA"). Defendant then removed this Action to the United States District Court for the Central District of California.

### B.    PARTIES' INVESTIGATIONS AND INFORMAL DISCOVERY

After the Parties had been in litigation for almost a year, the Parties agreed to attempt to resolve the case through discussions between Counsel. Gould Decl., ¶ 7. In order to prepare for settlement discussions and in addition to the discovery that had been exchanged previously, Defendant provided Plaintiff with payroll, attendance and employee information for the entire putative class to demonstrate Defendants' claims and defenses and assist with the settlement discussions. Gould Decl., ¶ 7. Moreover, Defendant did an independent review of the claims and defenses asserted by reviewing a sampling of the payroll information of class

1    members.

2          After a review of class member records, it was determined that damages for

3    class members only spanned about one and half years, and not four years prior to

4    the filing of the lawsuit as sought in the Complaint. Gould Decl., ¶ 8. It was also

5    determined through random sampling of Class Members' payroll records that the

6    loan officers were not paid in a uniform fashion. For example, different methods

7    of calculating overtime was used for different members of the class, thereby

8    making the action extremely difficult to certify. Moreover, it was determined that

9    while some Class Members were owed wages, others were actually overpaid. As a

10   result, there is no simple way to review all Class Member records due to the time

11   consuming task of determining how that individual was paid and whether or not

12   the class member was overpaid or owed damages. Given that the potential

13   damages per putative Class Member was small, the time, effort and expense

14   required to conduct this analysis was not feasible. Gould Decl., ¶ 8.

15         Seeking to resolve the matters in dispute before engaging in additional

16   protracted litigation, counsel for the Parties agreed to discuss all aspects of the

17   case, including the risks of litigation and the risks to both Parties of proceeding

18   with a motion for class certification and in continuing discovery. Gould Decl., ¶¶

19   10-12. The Parties then negotiated the specific terms of the settlement contained

20   in the Stipulation of Class Action Settlement And Release (the "Settlement" or

21   "Settlement Agreement").

22         Prior to settlement discussions, Class Counsel reviewed the information

23   provided by Defendant. Class Counsel also conducted legal research prior to

24   settlement discussions relating to whether licenses fees were reimbursable

25   expenses, overtime, and class certification. It was determined that there are no

26   California cases that address the issue of whether loan officer license fees were

27   required to be reimbursed by the employer. Gould Decl., ¶ 19. Moreover, several

28

1    cases have recently been published presenting further challenges in being

2    successful on a motion for class certification.  See *Wal-Mart Stores, Inc.  v. Dukes*

3    (2011) 131 S.Ct. 2541, 2550, wherein the United States Supreme Court decertified

4    a nationwide gender discrimination case against Wal-Mart.  *Wal-Mart Stores, Inc.*

5    states that "class action[s] [are] an exception to the usual rule that litigation is

6    conducted by and on behalf of the individual names parties only."  Because class

7    actions have the "potential to create injustice" the California Supreme Court

8    reminds that "the traditional requirements [for certification] are difficult to meet

9    and [must] represent meaningful obstacles to inappropriate class suits." *Linder v.*

10   *Thrify Oil, Co.* (2000) 23 Ca.4th 429, 435, 441.  Class Counsel determined that

11   these cases made it extremely difficult to certify this matter due to the fact that

12   different methods of calculating overtime was used for various members of the

13   class making claims and defenses not typical or common. Gould Decl., ¶ 20.

14          C.      **SETTLEMENT OF CASE**

15          Through many conference calls, lunch meetings, and emails between

16   Counsel discussing the facts and legal framework of this matter, the Parties were

17   able to resolve the case.  The Parties have discussed at length the risks inherent in

18   seeking class certification, the merits of the underlying claims and defenses, as

19   well as the nature, variety and scope of business expenses the Parties' anticipated

20   the putative class members would seek should the case be certified for class

21   treatment.  Gould Decl., ¶ 12.  Class Counsel evaluated data obtained from the

22   Company's personnel records to prepare for the settlement discussions.  Gould

23   Decl., ¶¶ 7-9.  By the end of the settlement discussions, the Parties reached an

24   agreement on all claims and issues, including a monetary settlement amount of

25   paying each Class Member $160.00.

26          Following settlement discussions, the terms of the settlement, which are

27   discussed more fully below, were subsequently refined and memorialized by the

28

Parties in a Stipulation for Class Action Settlement and Release ("Settlement Stipulation").  *See* Gould Decl., Exhibit No. 1.

## III.  SETTLEMENT TERMS

The proposed terms of the settlement are contained in the Stipulation for Class Action Settlement and Release, filed herewith.  Discussion of the terms, and the support for them in the record, follows:

### A.  SIZE OF THE CLASS

The Parties have ascertained the size of the settling class by reference to Company Personnel Records.  There are approximately 250 Class Members employed during the class period, excluding any person that has already filed suit against Defendant Broker Solutions.

### B.  NATURE OF THE PAYMENT

Class Members that do not opt out of the settlement will receive $160.00. Any current or former employee who fails to request exclusion will be bound by the settlement and the release of claims.

### C.  THE RELEASE

The Parties negotiated for a release of class claims, which is stated in full at Paragraph 7 of the Stipulation for Class Action Settlement and Release.  The release has been narrowly tailored to only release claims plead in the operative complaint.

### D.  ATTORNEY'S FEES AND INCENTIVE PAYMENTS

As part of the settlement, Defendant has agreed not to oppose an award of $20,000.00 as a reasonable attorneys' fee award and costs. The Parties further agreed to recommend an incentive payment of Two Thousand Five Hundred Dollars ($2,500.00) to Named Plaintiff Jeffrey Johnson.  Jeffrey Johnson provided Class Counsel with relevant and helpful information for this lawsuit.  Johnson has

1     been involved in all stages of the litigation from the investigation state to

2     Approval. Johnson assisted in drafting discovery, looked for and produced

3     documents, assisted in settlement negotiations, responded to numerous discovery

4     requests, and made himself available to answer questions and review documents.

5     Additionally, Johnson was at risk for potentially paying Defendant's legal fees and

6     costs, in the event the Defendant prevailed at trial.

7

**E.     OBLIGATIONS OF THE CLASS MEMBERS**

8     Current and former Class Members who do not request exclusion will

9     receive $160.00 as his/her share of the settlement. Any current or former Class

10    Member who fails to request exclusion will be bound by the settlement and the

11    release of claims.

12

**F.     METHOD OF NOTICE**

13    The Parties have agreed to provide personal notice to the Class Members by

14    mail. Details of how the notice will be prepared and delivered are provided in

15    Paragraph 8 of the Stipulation for Class Action Settlement and Release. These

16    include the following:

17          • Notice will be by first class mail. The Parties agree that personal

18            notice by first class mail is the method best calculated to provide

19            notice of the settlement and the potential award to the members of the

20            class. The Parties have considered other forms of notice, such as

21            notice by publication. No alternative appears superior or equal in

22            effectiveness in communicating the settlement to the class.

23          • A sample of the notice is filed herewith as Exhibit No. A to the

24            Stipulation for Class Action Settlement and Release.

25          • The Defendant will provide to the Claims Administrator a database,

26            which lists for each Class Member the Class Member's name, last

27            known address, and Social Security Number.

28

- If a notice is returned undelivered, the addresses will be updated by the Claims Administrator using the National Change of Address System ("NCOA"), which updates addresses for all Class Members who have moved in the past four years and had filed a change of address with the Postal Service. The Claims Administrator may also mail the packets that are returned by the Postal Service with a forwarding address. The Claims Administrator will track all mail returned by the Postal service as undeliverable without a forwarding address.

### G.    TAX CONSEQUENCES

The Parties have agreed for tax reporting purposes and said individual payments shall be allocated as one half wages subject to normal payroll withholding and IRS form W2 reporting and one half interest and penalties subject to IRS Form 1099 reporting.

### H.    OTHER CASES

The Parties are aware of no other cases that may be affected by this settlement.

## IV.    DISCUSSION

### A.    STANDARD OF REVIEW FOR CLASS ACTION SETTLEMENTS

Actions brought as class actions may only be settled, compromised and/or dismissed with court approval. *See* FED. R. CIV. PROC. 23(e). The commonly accepted procedure for court approval of a settlement agreement calls for (1) preliminary approval of the proposed settlement; (2) notice to class members of the pendency of the action, the proposed settlement, and of their rights to participate or to opt-out of the litigation; and (3) a final hearing on the fairness and adequacy of the proposed settlement. *See Manual for Complex Litigation, Second*

§ 30.44 (1993). Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement is "within the range of reasonableness." *Ross v. Trex Company, Inc.*, 2009 U.S. Dist. LEXIS 69633, *9 (N.D. Cal. 2009) (citing *Alba Conte et al.*, Newberg on Class Actions §11.25 at 11-91 (4th Ed. 2002). In ruling on a motion for preliminary approval, the Court must consider whether, "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *Id.* (citing *In re Linerboard Antitrust Litigation*, 296 F.Supp.2d 568 (E.D. Pa. 2003). To date, Counsel are unaware of any objections to the Settlement Agreement.

Settlements which are within the "range of reasonableness" are presumed to be fair and should be approved by the court. Similarly, settlements which are obtained after diligent investigation, extensive discovery and arms-length negotiation are presumed to be fair. Where there is no evidence of fraud or collusion, courts presume that no such improprieties tainted the negotiations, and that they were conducted in good faith. *See Newberg on Class Action*, 3d Ed. §11.51; *Pridd v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989). Courts do not second guess the parties, or substitute their judgment for that of the proponents of the settlement, particularly when experienced counsel familiar with the litigation have reached settlement. *See Hammon v. Barry*, 752 F.Supp. 108, 1093 (D.D.C. 1990); *Steinberg v. Carey*, 470 F.Supp, 471 (S.D.N.Y. 1979). In fact, many courts recognize that the opinion of experienced counsel supporting the settlement is

1    entitled to considerable weight. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D.

2    Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983).

3    **1.    The Settlement is the Product of Serious, Informed and Noncollusive Negotiations**

4         The Court should presume that this settlement is fair.  The settlement was

5    reached through arm's-length bargaining between counsel, which included offers

6    and counteroffers.  Throughout this litigation, Class Counsel was confident in the

7    merits of Plaintiff's and Class Members' legal position, and likewise Defendant

8    maintained that it would be able to defeat a class certification motion and/or class

9    claims on the merits, including an anticipated motion for summary judgment.

10   Both Parties preferred this settlement to facing a protracted litigation period,

11   incurring costs and fees, and possible further delay if either party appealed a

12   judgment.  Gould Decl., ¶ 17-19.

13        Prior to settlement discussions, both parties conducted sufficient research

14   into their claims and defenses in order to appropriately evaluate the strengths and

15   weaknesses of their respective cases.  Gould Decl., ¶ 2-12.  Prior to resolving the

16   matter, both Parties carefully weighed the risks and benefits of resolving the case

17   in comparison to proceeding with discovery and the class certification phase.

18   Gould Decl., ¶ 17-19.  Prior to settlement, Defendants voluntarily exchanged

19   payroll data and other information required by Plaintiff to assess the settlement

20   value of the case.  *Id.* The Parties concluded that the settlement terms were

21   acceptable and the benefits of settling outweighed the risks of further litigation.

22        **2.    Counsel are Experienced in This Type of Litigation**

23        Class Counsel has been an attorney for over twenty-two years and practiced

24   employment/labor law since 1995.  Class Counsel has personally handled

25   numerous cases in all aspects of employment and labor law, including but not

26   limited to federal and state wage and hour cases, wrongful termination litigation,

27   discrimination cases, administrative appeals involving wage and hour and other

28

employment issues, countless arbitrations, and various other matters involving both traditional labor-law (union/management law), and employment law issues in the non-union context. Class Counsel has tried many employment law cases to verdict. Class Counsel has been Plaintiff's counsel in many wage and hour class actions involving application of California Labor Law which have been certified and/or settled successfully after comprehensive mediation and compromise. Gould Decl., ¶ 13-14.

**B. THE SETTLEMENT IS FAIR AND REASONABLE BASED ON THE STRENGTH OF PLAINTIFF'S CASE AND THE RISKS AND COSTS OF FURTHER LITIGATION**

Both Parties have had an opportunity to evaluate the claims and defenses in this matter. In order to prepare for settlement discussions in addition to the discovery that had been exchanged previously, Defendant provided Plaintiff with payroll, attendance and employee information for a sampling of the putative class to demonstrate Defendant's claims and defenses and assist with the settlement discussions. Gould Decl., ¶ 7. Moreover, Defendant did an independent review of the claims and defenses asserted by reviewing a sampling of the payroll information of class members.

After a review of class member records, it was determined that damages for class members only spanned about one and half years, and not four years prior to the filing of the lawsuit as sought in the Complaint. It was also determined through random sampling of class members' payroll records that the loan officers were not paid in a uniform fashion. For example, different methods of calculating overtime was used for different members of the class, thereby making the action extremely difficult to certify. Moreover, it was determined that while some class members were owed wages, others were actually overpaid. As a result, there is no simple way to review all Class Member records due to the time consuming task of

1  determining how that individual was paid and whether or not the Class Member

2  was overpaid or owed damages. Given that the potential damages per putative

3  Class Member was small, the time, effort and expense required to conduct this

4  analysis was not feasible. Gould Decl., ¶¶ 7-8.

5      Moreover, both Parties were faced with the legal uncertainties regarding

6  interpretation and application of California law with respect to licensing fees and

7  *California Labor Code* §§ 2802 and 221. Counsel on both sides have clearly

8  perceived the risks and uncertainties associated with proceeding with litigation,

9  and believe in good faith that the proposed resolution is a fair, reasonable and

10  adequate compromise. Courts recognize that even if "the relief afforded by the

11  proposed settlement is substantially narrower than it would be if the suits were to

12  be successfully litigated," negotiated settlements should be upheld because "the

13  public interest may indeed be served by a voluntary settlement in which each side

14  gives ground in the interest of avoiding litigation." *Air Line Stewards, etc., Loc.*

15  *550 v. American Airlines, Inc*. 455 F.2d 101, 109 (7th Cir. 1972).

16

17  **V.  THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY** <u>**CERTIFIED FOR SETTLEMENT PURPOSES**</u>

18      The parties request that the Court conditionally certify the following

19  proposed Settlement Class for settlement purposes only:

20          "All loan officers by Broker Solutions, Inc., from

21          September 27, 2007 to October 31, 2012."

22      In situations such as the present where settlement is reached prior to class

23  certification, in addition to preliminarily approving the terms of the Settlement

24  Agreement, "the court must assess the validity of the settlement class pursuant to

25  Fed. R. Civ. P. 23(a) and (b)." *Browning v. Yahoo! Inc.*, 2006 U.S. Dist. LEXIS

26  34770 (N.D. Cal. 2006). While Defendant disputes that Plaintiff can satisfy these

27  requirements, the Parties agree that for purposes of settlement these requirements

28

1    may be satisfied in this case, and therefore, the proposed Settlement Class should

2    be conditionally certified for purposes of settlement.

3              **A.    THE SETTLEMENT CLASS SATISFIES THE
                      REQUIREMENTS OF FEDERAL RULE OF CIVIL
4                     PROCEDURE 23(A)**

5              Pursuant to Rule 23(a), a class action is appropriate where (1) the class is so

6    numerous that joinder of all members is impracticable; (2) there are questions of

7    law and fact common to the class; (3) the claims or defenses of the representative

8    parties are typical; and (4) the representatives parties will fairly and adequately

9    protect the interests of the class. FED. R. CIV. P. 23(a).

10
              **1.    Rule 23(a)(1): The Numerosity Requirement is Satisfied**
11
              Rule 23(a) requires that the class be "so numerous that joinder of all
12
     members is impracticable." FED. R. CIV. P. 23(a)(1). "Court have routinely found
13
     the numerosity requirement satisfied when the class comprises 40 or more
14
     members." *EEOC v. Kovacevich "5" Farms*, 2007 U.S. Dist. LEXIS 32330 at
15
     *57 (E.D. Cal. 2007); *see also Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D.
16
     Cal. 2000); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998). The
17
     Ninth Circuit observed that classes with fewer than 70 members have been
18
     certified in numerous cases. *Jordan v. County of Los Angeles*, 669 F.2d 1311,
19
     1320 n. 10 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Here
20
     the Settlement Class is composed of approximately 250 members. For purposes of
21
     settlement Defendants will not oppose a finding that the proposed Settlement
22
     Class is sufficiently numerous to make joinder of all members impracticable.
23
              **2.    Rule 23(a)(2): Questions of Law and Fact are Common to
24                    the Class**

25             Rule 23(a) requires that "there are questions of law or fact common to the

26   class." Fed. R. Civ. Proc. 23(a)(2). "All questions of fact and law need not be

27   common to satisfy the rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th

28

Cir. 1998). In order "for the commonality requirement to be met, there must only be one single issue common to the proposed class." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Here, Plaintiff alleges that many common questions of law and fact exist, including:

> (1) whether Defendant violated Labor Code Sections 204 and 1194, Applicable Wage Orders, and California by failing to pay minimum wages to all loan officers for all hours worked;

> (2) whether Defendant violated Labor Code Section 226, and all applicable Wage Orders, by failing to provide accurate itemized wage and hour statements and failing to keep adequate payroll records;

> (3) whether Defendant violated Labor Code Sections 201 and 202 by failing to pay compensation due and owing at the time that any proposed class member's employment with Defendants was terminated;

> (4) whether Defendants violated California Labor Code Sections 2802 and 221 by failing to reimburse employees for all business related expenses;

> (5) whether Defendant violated California Labor Code Section 510 and the Fair Labor Standards Act (FLSA) and applicable Wage Orders by failing to pay employees overtime; and

(6) whether Defendant violated Business and Professions
Code Section 17200 *et seq.* by failing to provide
statutory wages and compensation to hourly employees.

### 3. Rule 23(a)(3): The Claims of Plaintiff are Typical of the Class Claims

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." *Stanton v. Boeing, Inc.*, 327 F.3d 938, 957 (9th Cir. 2003).

In the instant case, Plaintiff, like every other Class Member, is or was employed by Defendant as a loan officer. As a loan officer, Plaintiff and the Class Members were subject to the same practices and policies regarding the payment of wages. Thus the claims of Plaintiff, and those of the Class Members, arise from the same course of conduct by Defendant, involve the similar facts, and are based on the same legal theories, satisfying the typicality requirement of Rule 23. Although Defendant disputes that Plaintiff has claims typical of the individuals he purports to represent, for purposes of this settlement, Defendant does not oppose a finding of typicality.

### 4. The Class Representative has Fairly and Adequately Protected the Interests of the Class

The Class Representative provides adequate representation of the interests of the class in that: (a) his attorneys are competent and experienced in class litigation and generally able to conduct the proposed litigation; and (b) the Class Representative does not have interests which are in conflict with the interests of

- 14 -
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF**

the class. *White v. Local 942*, 688 F.2d 85 (9th Cir. 1982).

First, Plaintiff has retained competent counsel with extensive experience in class actions. Plaintiff's counsel are experienced and well-qualified to represent the proposed settlement class. Gould Decl., ¶ 13-14. Plaintiff's Counsel have ample resources, experience, and expertise to draw upon in representing the class in this action.

Second, the named Plaintiff is well aware of his duties as Class Representative and has actively participated in the prosecution of this case to date. Furthermore, there is no antagonism between the interests of the Class Representative and those of the Settlement Class Members. Both the Class Representative and the Settlement Class Members seek monetary relief under the same set of facts and legal theories. Under such circumstances, there can be no conflicts of interest, and adequacy of representation is presumed. *In re Wirebound Boxes Antitrust Lit.*, 128 F.R.D. 268 (D. Minn. 1989). While Defendant disputes that Plaintiff is an adequate class representative, Defendant does not oppose such a finding for purposes of settlement.

## B. THE PREREQUISITES OF RULE 23(B) ARE ALSO SATISFIED

As the Ninth Circuit holds:

> To qualify for certification under [Rule 23(b)(3)], a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must "predominate over any questions affecting only individual members," and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy."*Hanlon*, 150 F.3d at 1022 (quoting FED. R. CIV. P. 23(b)(3)).

1

2

Here, as discussed below, the requirements of Rule 23(b)(3) are satisfied.

3

4

### 1.    The Predominance Requirement is Met

5

6

7

8

9

10

11

12

13

Rule 23(b)(3) provides that a class may be maintained if "the court finds that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members." Common issues of fact and law "predominate" where they have "a direct impact on every class member's entitlement to injunctive and monetary relief ." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). The "fundamental" question is whether the claim asserted seeks a remedy to a "common legal grievance." *Lockwood Motors Inc. v. General Motors Corp.*, 162 F.R.D. 569, 580 (D. Minn. 1995).

14

15

16

17

18

19

20

21

22

Here the adjudication of the common issues surrounding Defendant's employment practices and policies regarding the timing and payment of wages could establish Defendant's liability on a class-wide basis. Plaintiff contends that Defendant's practices were uniform with respect to the Settlement Class, leaving only the question of whether Defendant's practices violated the applicable law. Common legal issues further predominate because California law applies to all legal issues raised by the claims of each of the Settlement Class Members. Defendant does not oppose a finding of predominance for purposes of this settlement.

23

### 2.    The Superiority Requirement is Met

24

25

26

27

To certify a class, the Court must also determine "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action

28

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF**

1   may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*,

2   97 F.3d 1227, 1234 (9th Cir. 1996); *In re Wells Fargo Home Mortg. Overtime Pay*

3   *Litig.*, 2007 U.S. Dist. LEXIS 77525 at *33 (N.D. Cal. 2007).

4        In the present case, permitting this action to proceed as a class action would

5   be superior to the alternative, which would be individual suits by the class

6   members against Defendant.  There are currently no other actions pending against

7   Defendant arising from the same controversy, and the lack of such other actions

8   serves to favor class certification.  *Dirks v. Clayton Brokerage Co. of St. Louis,*

9   *Inc.*, 105 F.R.D. 125, 136 (D. Minn. 1985).  Given the current posture of the case

10  and the Settlement Agreement, class-wide litigation in this instance will serve to

11  reduce future litigation costs and promote greater efficiency in resolving the

12  claims at issue.  For purposes of this settlement only, Defendant does not dispute

13  that the superiority requirement may be satisfied.

14  **VI.    THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE**

15       To protect the rights of absent class members, the notice provided to

16  members of a class certified under Rule 23(b)(3) must be the "best notice that is

17  practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2)(B) *see also Phillips*

18  *Petroleum Co. v. Shutts* 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle &*

19  *Jacquelin* 417 U.S. 156, 174-76 (1974) (individual notice must be sent to all class

20  members who can be identified through reasonable efforts); *Mullane v. Central*

21  *Hanover Bank & Trust Co.* 339 U.S. 306, 314 (1950) (best practicable notice is

22  that which is "reasonably calculated, under all the circumstances, to apprise

23  interested Parties of the pendency of the action and afford them an opportunity to

24  present their objections").  The content and method of the notice should be

25  designed to apprise the class members of the terms of the proposed settlement and

26  of the class members' rights regarding the settlement.  *See Mullane*, 339 U.S. at

27  314; *Philadelphia Housing Authority v. American Radiator & Standard Sanitary*

28

1 | *Corp.* 323 F.Supp. 364, 378 (E.D. Pa. 1970).

2 |     Notice is satisfactory "if it generally describes the terms of the settlement in

3 | sufficient detail to alert those with adverse viewpoints to investigate and to come

4 | forward and be heard." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d

5 | 566, 575 (9th Cir. 2004) (internal citations omitted). Moreover, notice that is

6 | mailed to each member of a settlement class "who can be identified through

7 | reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*,

8 | 417 U.S. 156, 176 (1974). *See also White v. Nat'l Football League*, 41 F.3d 402,

9 | 408 (8th Cir. 1994), abrogated on other grounds, *Amchem Products, Inc. v.*

10 | *Windsor*, 521 U.S. 591, 618-620 (1997). For any class certified under Rule

11 | 23(b)(3), the notice must inform class members "that the court will exclude from

12 | the class any member who requests exclusion." FED. R. CIV. P. 23(c)(2)(B).

13 | Pursuant to Rule 23(e), the "court must direct notice in a reasonable manner to all

14 | class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1).

15 |     Here, the parties have agreed upon procedures by which the Settlement

16 | Class Members will be provided with written notice of the Settlement Agreement

17 | similar to that approved and utilized in hundreds of class action settlements. The

18 | parties have jointly drafted a Proposed Notice to Class Members of Pendency of

19 | Class Action Settlement ("Proposed Notice") and request the Court's approval to

20 | send the Proposed Notice, or one substantially in the same form, to the Settlement

21 | Class Members.

22 |     The Proposed Notice is accurate and informative. The notice will be mailed

23 | to the last known address of all class members. This procedure would satisfy due

24 | process standards by including: (1) the nature of this action, the Settlement Class,

25 | Class Counsel, and the essential terms of the Settlement; (2) the manner in which

26 | each Class Member's Settlement Payment will be calculated; (3) the requests for

27 | Class Representative Payments, the Class Counsel Attorneys' Fees and Costs

28 |

1   Payment; (4) how to participate in the Settlement; (5) how to opt-out of the

2   Settlement; (6) how to object to the Settlement; (7) this Court's procedures for

3   final approval of the Settlement; and (8) how to obtain additional information

4   regarding this action and the Settlement. The notice is written in plain English

5   and is organized and formatted so as to be as clear as possible.

6          Pursuant to the terms of the Settlement Agreement, the parties have agreed

7   that the Claims Administrator will send the Proposed Notice via U.S. Mail to the

8   last known address of each of the Settlement Class Members. The Proposed

9   Notice was designed to meaningfully reach the largest possible number of

10  Settlement Class Members. As such, it complies fully with applicable case law

11  that the notice given should have a reasonable chance of reaching a substantial

12  percentage of the class.

13  **VII.  CONCLUSION**

14         Based on the foregoing, the Parties respectfully submit that the terms of the

15  settlement are fair, adequate and reasonable, and that settlement is in the best

16  interests of the Plaintiff and the putative class and request Preliminary Approval

17  of this Class Action Settlement.

18

19

20  Dated: December 6,  2013          GOULD & ASSOCIATES

21                                    By:/s/ Michael A. Gould
                                         MICHAEL A. GOULD
22                                       AARIN A. ZEIF
                                         Attorneys for Plaintiff
23                                       Jeffery Johnson

24

25

26

27

28
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF**